IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
**************

| | |
|---|---|
| MATTHEWS INTERNATIONAL CORPORATION )<br>)<br>**Plaintiff,** )<br>)<br>v.  )<br>)<br>DANIEL J. HURLEY, individually, )<br>DJHMD LLC, d/b/a HURLEY FUNERAL )<br>HOME, and DUNMANWAY, LLC d/b/a )<br>DAN HURLEY HOME FOR FUNERALS )<br>AND CREMATORY )<br>)<br>**Defendants.** )<br>) | CIVIL NO.: 3:23-cv-_____<br><br>Action for: Debt and Unjust Enrichment |

## COMPLAINT

**COMES NOW** Plaintiff, **MATTHEWS INTERNATIONAL CORPORATION** ("Matthews" or "Plaintiff") by and through the **Law Offices of Karin A. Bentz, P.C.** (Karin A. Bentz, Esq.), and for its Complaint against Defendants **DANIEL J. HURLEY** ("Hurley"), and **DJHMD LLC, d/b/a HURLEY FUNERAL HOME** ("Hurley Funeral") **DUNMANWAY, LLC d/b/a DAN HURLEY HOME FOR FUNERALS AND CREMATORY** ("Dunmanway") alleges the following:

## PARTIES

1. Plaintiff **Matthews** is a Pennsylvania corporation that provides, among other things, services to funeral homes.

2. Defendant **Hurley**, is an individual who resides in St. Thomas, United States Virgin Islands.

3. Defendant **Hurley Funeral**, is a United States Virgin Islands corporation, located in, St. Thomas, United States Virgin Islands.

4. Defendant **Dunmanway** is a United States Virgin Islands corporation, located in, St.

Thomas, United States Virgin Islands.

## JURISDICTION AND VENUE

5. This is a civil action with the cause of action arising in the United States Virgin Islands.

6. The controversy is between a resident of the State of Pennsylvania as Plaintiff and residents of the United States Virgin Islands as Defendants.

7. The amount in controversy exceeds $75,000.00.

8. Thus, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is proper within this Division of this Court pursuant to 28 U.S.C. § 1391(a)&(c) as the Defendant's principal place of business is on St. Thomas.

## FACTUAL ALLEGATIONS

10. On May 20, 2017 Plaintiff and both Defendants Hurley and Hurley Funeral executed a promissory note ("the Contract") in which Plaintiff provided a loan to Defendants in the amount of sixty-one thousand, seven-hundred and eleven dollars ($61,711) (*See* **Exhibit A** attached hereto).

11. Hurley signed the contract in his personal capacity, not as a personal guarantor.

12. Defendants were to repay the amount in eighteen monthly installments with interest at a rate of 6.25% per annum for a total repayment of $64,313.45.

13. The first installment was due on June 20, 2017 with subsequent payments due on or before the first of each month with final payment due on or before May 20, 2019.

14. Defendants made only one (1) payment on or about July 6, 2021 in the amount of four thousand five hundred dollars ($4,500).

15. The remaining balance, along with the interest accruing on it, has been left unpaid.

16. In the event of default, the Contract stated that interest was to be charged at eighteen percent (18%).

17. With interested compounding at 18%, per the terms of the Contract, Defendants now owe Plaintiff one hundred and eighty-thousand, one hundred and fifty-four dollars and eighteen cents ($180,154.18).

18. On June 29, 2023 Plaintiff sent Defendants a final demand letter. Plaintiff received no response.

## COUNT I
## BREACH OF CONTRACT

19. The foregoing allegations are incorporated as if fully set forth herein.

20. The Parties formed an explicit contract in which Plaintiff loaned money to Defendants and Defendants, in consideration, would repay the amount in installments with interest.

21. Defendants failed to repay the loan as agreed and are now indebted to Plaintiff in the amount of one hundred and eighty-thousand, one hundred and fifty-four dollars and eighteen cents ($180,154.18).

## COUNT II
## UNJUST ENRICHMENT

22. Plaintiff hereby re-alleges and incorporates by reference the allegations in Paragraph 1-17.

23. Plaintiff has conferred a substantial benefit upon Defendants and has not been repaid.

24. Defendants have been unjustly enriched by the loan of money from Plaintiff. It would be inequitable and unjust for Defendants to have monetary gain from Plaintiff.

**WHEREFORE,** Matthews seeks damages as set forth above, including all consequential damages in the amount of **one hundred and eighty-thousand, one hundred and fifty-four dollars and eighteen cents ($180,154.18)** plus any pre-judgment and post-judgment interest and attorney's fees and costs associated with having to pursue this action and any other damages deemed just or equitable.

                                             Respectfully submitted,

                                             **LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: October 17, 2023                 /s/Karin A. Bentz
                                             **Karin A. Bentz, Esq. (V.I. Bar No. 413)**
                                             7605 Lower Hull
                                             St. Thomas, Virgin Islands 00802
                                             Telephone: 340-774-2669
                                             Email: kbentz@virginalaw.com